IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| DANIEL A. SMITH | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-CV-0086-W-HFS |
| | ) | |
| MICHAEL J. HAIGHT, JOHN NORRIS | ) | |
| & MUSIC CITY DRYWALL, WESTPORT | ) | |
| INSURANCE CORP. & GALLAGHER | ) | |
| BASSETT SVCS., BRIAN J. FOWLER | ) | |
| | ) | |
| Defendants. | | |

**ORDER**

Before the court is the motion of defendant, Michael J. Haight, to dismiss (doc. 9). Also, before the court is the motion of defendants, John Norris and Music City Drywall, to dismiss (doc. 21); and the motion of defendant, Brian Fowler, to dismiss (doc. 26). Finally, defendants, Gallagher Bassett Services and Westport Insurance Company, have moved to dismiss (doc. 39).[1] All defendants seek dismissal on the grounds that the complaint is frivolous, and fails to state a claim upon which relief can be granted. Defendants also contend that dismissal is proper due to lack of diversity jurisdiction.

The jurisdictional question will be handled initially. Federal district courts have subject matter jurisdiction over cases that meet the standards for diversity jurisdiction and cases that raise federal questions. Stone v. Baxter Intern., Inc., 2009 WL 236116 * 5 (D.Neb. Jan. 30, 2009).

---

[1] Pursuant to plaintiff's request, leave was granted for plaintiff to avail himself of the electronic filing system, and despite being provided additional time, plaintiff failed to respond to the motions filed by defendants Fowler, Gallagher Bassett, and Westport Insurance. Thus, these motions to dismiss will be granted.

Diversity jurisdiction exists where the matter in controversy exceeds the sum or value of $75,000, and the parties are citizens of different states. Id., 28 U.S.C. § 1332(a). Federal district courts have "federal question" jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Id., 28 U.S.C. § 1331.

In his complaint, plaintiff asserts both diversity jurisdiction, as well as constitutional violations of the Eighth and Fifteenth Amendments. (Complaint, pg. 1). As to diversity jurisdiction, plaintiff states that he is a resident of Missouri, and defendants Gallagher Bassett and Westport Ins. are located in Kansas; no mention is made as to the residency of the remaining defendants. (Id). However, in noting the addresses of the defendants for service of process, plaintiff recites Missouri addresses for all defendants. (Complaint, pg. 3). Although plaintiff seeks damages and compensation in excess of the jurisdictional amount, plaintiff fails to show that the parties are citizens of different states. Maple Tree Investments, Inc. v. McQueen, 1991 WL 144226 * 2 (W.D.Mo. Jul. 23, 1991) (the proponent of federal diversity jurisdiction bears the burden of establishing facts sufficient to show diversity of citizenship). Thus, plaintiff has failed to establish diversity of citizenship.

Plaintiff has also asserted constitutional violations in support of federal question jurisdiction Specifically, plaintiff claims that defendants, singly or in concert with one another, violated his Eighth Amendment right against cruel and unusual punishment. According to plaintiff, the violation occurred when defendant Haight failed to advise him of a date change for a hearing in Springfield, Missouri, causing him to travel a significant distance resulting in a great deal of pain. (Complaint, pg. 2).[2] Plaintiff acknowledges that defendant Gallagher Bassett issued him a prescription card and

---

[2]Plaintiff was employed by defendant Music City Drywall, who was insured by defendant Gallagher Bassett Services. Apparently plaintiff was injured while employed by Music City, and defendant Haight represented plaintiff in a worker's compensation proceeding, Music City was represented by defendant Brian Fowler.

paid for one month of medications, but claims that he suffered additional pain when the service was not continued. (Id). The protections afforded by Eighth Amendment must have something to do with criminals, and any exceptions to this general rule must be confined to abuses inflicted on prisoners. Ingraham v. Wright, 430 U.S. 651, (1977). Thus, if a prisoner is beaten mercilessly for a breach of discipline, he is entitled to the protection of the Eighth Amendment, while a schoolchild who commits the same breach of discipline and is similarly beaten is simply not covered. Id. Here, the alleged violations asserted by plaintiff fail to meet the standard of "unnecessary and wanton infliction of pain" the Eighth Amendment was designed to protect against.

Plaintiff claims a violation of the Fifteenth Amendment because defendants John Norris and Music City failed to pay him for work performed, but paid illegal aliens performing comparable work. The Fifteenth Amendment imposes only one limitation on the states: "It forbids them to discriminate against Negroes in matters having to do with voting." Perkins v. City of West Helena, Ark., 675 F.2d 201, 206 (8th Cir. 1982); quoting, City of Mobile v. Bolden, 446 U.S. 55, 61 (1980). While plaintiff has complaints about the defendants' conduct as it pertains to his employment and subsequent compensation case, the conduct does not support a theory of alleged Constitutional violations.[3] Inasmuch as plaintiff does not allege jurisdictional facts demonstrating diversity of citizenship, and there are no allegations sufficient to support the exercise of federal question jurisdiction, this court does not have subject matter jurisdiction over this matter and the case must be dismissed.

Accordingly, it is hereby

ORDERED that Michael J. Haight's motion to dismiss (ECF doc. 9) is GRANTED. It is

---

[3] This finding does not in any way minimize plaintiff's complaint, but it does serve to illustrate that the law does not provide a remedy for every perceived harm. Wooten v. Pleasant Hope R-VI School Dist., 270 F.3d 549 (8th Cir. 2001).

further

ORDERED that the motion of John Norris and Music City Drywall to dismiss (ECF doc. 21) is GRANTED. It is further

ORDERED that Brian Fowler's motion to dismiss (ECF doc. 26) is GRANTED. It is further

ORDERED that the motion of Gallagher Bassett Services and Westport Insurance Company to dismiss (ECF doc. 39) is GRANTED.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

May  22 , 2009

Kansas City, Missouri